## T. Huddleston *v.* The State.

Variance — Charge of the Court.— Appellant was tried for the theft of a receipt for money executed by himself, but which, as set out in the indictment, did not state from whom the money was received. The State offered in evidence a corresponding receipt, except that it contained a clause stating that the money was received from the alleged owner. The defense objected on the ground of variance, which the State proposed to obviate by proof that the variance was caused by an alteration of the receipt since it was taken by the defendant. The trial court overruled the objection and admitted the receipt, on the ground that the question of alteration was one for the jury. The evidence respecting the alteration was conflicting. *Held* that, though a question of variance arising on a written instrument is ordinarily one of law and for the decision of the court, it was not error, under the circumstances, to admit in evidence the receipt produced by the State, in connection with the proof of its alteration. But *held further*, that the charge to the jury should have submitted to them the issue of fact thus raised, and it was error to refuse a requested instruction properly presenting it.

Appeal from the District Court of Travis. Tried below before the Hon. E. B. Turner.

The indictment charged that the appellant, on the 10th of March, 1877, stole, took and carried away from the possession of J. W. Whitt a "certain receipt for money in figures and words as follows: 'Received, February 13, 1874, three hundred dollars specie. Thomas Huddleston;'" which was alleged to be of the value of $300, and the property of said Whitt. The cause came to trial in June, 1879, and resulted in the conviction of the appellant for theft of property worth less than twenty dollars, and the assessment of his punishment at confinement in the county jail for one day, and a fine of $500.

The facts affecting the contested issue in this case are clearly indicated in the opinion of the court. The testimony was conflicting, and was elicited from numerous witnesses examined by the prosecution and the defense.

Their evidence in detail is not necessary to an elucidation of the ruling. The receipt was exhibited by Whitt to the defendant at the latter's request, for the expressed purpose of examination. Having got it in hand, the defendant retained it against the consent of Whitt, on the claim that Whitt had not paid the money and was not entitled to the receipt. This claim of the defendant and the alteration of the instrument presented the issues of fact contested before the jury. Whitt testified that the receipt was written and signed by a son of the defendant, by direction of the latter, and that it represented a payment of $300, paid by Whitt in the defendant's presence on a note which the defendant held on Whitt. Defendant put his character in issue, and a number of witnesses testified that it was good.

*A. W. Terrell*, and *Sheeks & Sneed*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J. The first question presented by the record and discussed by counsel is whether there was a material variance between the written instrument alleged to have been stolen, as described in the indictment, and that offered in evidence on the trial. The instrument is described in the indictment as "one certain receipt for money in figures as follows." It is then set out in the indictment, in what purports to be its exact language, as follows, to wit: "Received, February 13, 1874, three hundred dollars, specie. Thomas Huddleston." The instrument admitted in evidence, over objection by counsel for the defendant, as set out in the statement of facts, is thus described: "Received, February 13, 1874, three hundred dollars in specie of J. W. Whitt. Thomas Huddleston." And it is thus described in the bill of exceptions reserved to the action of the court admitting it in evidence: "Received, February 13, 1874, three hundred dollars, specie,

of J. W. Whitt.   Thomas Huddleston."   The variance insisted on by the appellant's counsel is that the words "of J. W. Whitt" are not found in the instrument as described in the indictment; whereas in the instrument offered in evidence these words, "of J. W. Whitt," are found between the body of the receipt and the purported signature of Thomas Huddleston.

It should be noticed that the judge who presided at the trial, in signing the bill of exceptions to his ruling, appends the following brief statement showing the grounds upon which the ruling was based, to wit: "The court adds, as to the question of whether altered, or not, was a question of fact for the jury, nor did the alleged alteration affect the instrument."   It may not be amiss to say in this connection that the testimony all tends to show that the receipt as at first written, and whilst it was in the possession of the person from whom it is alleged to have been taken, did not contain the words "of J. W. Whitt," and tends strongly to show that it was altered while in Whitt's possession.   Yet if the question of its alteration was one of fact for the jury, we fail to find in the record before us any instruction submitting that question to the consideration of the jury.   Whether such alteration affected the validity of the instrument, as affecting the question of variance, was a different question from that as to whether such an alteration would so affect the validity of the instrument as to constitute the alteration a forgery, or so as to change the pecuniary rights of the parties.

As to the question of variance, if this is to be determined alone from the face of the receipt as set out in the indictment, and that offered in evidence as shown by the statement of facts and the bill of exceptions, we would be compelled to hold that the two are not the same instrument, and that there was a material variance between the one introduced in evidence and the one de-

scribed, and, purporting to be copied, set out *in hœc verba* in the indictment. Inasmuch, however, as there seems to have been some controversy at the trial as to whether the alteration (which is apparent) was made prior or subsequent to the alleged theft, it was perhaps well enough, as upon the whole case, for the court to have submitted that question to the determination of the jury by a pertinent charge on the subject. This seems to have been an important inquiry on the trial, as is seen from the testimony adduced. Whilst we are of opinion that whether there was a variance or not was a question of law to be ordinarily determined by the court, yet, inasmuch as there was a question as to whether the receipt had been altered before or after the alleged theft, the court erred in refusing under the circumstances to give the fourth instruction to the jury asked by the defendant, as pertinent to the issue they raised, or some appropriate charge on the subject.

The court should have awarded the defendant a new trial on the fifth and sixth grounds of the motion for a new trial.

We are of opinion that, having admitted the receipt in evidence, it was error to refuse the instructions requested by the defendant's counsel with reference to the alteration of the receipt. The court erred in overruling the defendant's motion for a new trial, upon the evidence. For these errors the judgment will be reversed and the case remanded.

Questions not discussed in the opinion have not been decided.

*Reversed and remanded.*